Filed 11/3/21  Marriage of Abedian CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of BRUCE (BEHROOZ) ABEDIAN and AFSAR ABEDIAN. | H046399 (Santa Clara County Super. Ct. No. 2014-6-FL012226) |
| BRUCE (BEHROOZ) ABEDIAN, Appellant, v. AFSAR ABEDIAN, Respondent. | |

Appellant Bruce Abedian raises three issues in his appeal from the trial court's orders in this dissolution of marriage action between Bruce and respondent Afsar Abedian.  He claims that the court (1) miscalculated the amount Afsar owed him for her post-separation exclusive use of the couple's residence, (2) erred in awarding Afsar her share of the net post-separation rent collected by Bruce for the couple's commercial property, and (3) wrongly required him to reimburse Afsar for post-separation credit card charges that he made on her credit card.  Afsar moves for sanctions on the ground that Bruce's appeal is not only without merit but frivolous.  Although we find the appeal meritless, we do not find it wholly frivolous.  Thus, we affirm the judgment but deny the sanctions motion.

## I.  BACKGROUND

Bruce and Afsar separated on August 1, 2011 after over 30 years of marriage. Bruce and Afsar jointly owned a residence and a commercial rental property. Bruce moved out of their residence when they separated, but he moved back in on November 17, 2013 "against [Afsar's] wishes." While he lived at the residence, Afsar paid for his food, provided him with healthcare insurance, and paid all of the household expenses, including his cell phone bill. Bruce retired in January 2014; Afsar continued to work as a nurse.

In March 2014, Bruce, who was then 72 years old, filed a petition for legal separation and requested temporary spousal support. His March 2014 income and expense declaration reported that he had net income of $1,200 a month from the commercial rental property and social security income of approximately $1,000 a month. He claimed expenses of $5,483 per month, which included $2,500 a month in purported rent.

At the July 2014 hearing on temporary spousal support, Afsar contended that Bruce was entitled to only $3,040 per month in temporary spousal support. However, the court determined that Bruce, who was still living in the residence, was entitled to $4,199 a month in temporary spousal support. The court made this determination based on a Dissomaster printout that used Bruce's reported $2,209 a month in income. The temporary spousal support order was retroactive to April 1, 2014, but the court reserved jurisdiction to modify the order.

In May 2015, Afsar responded to Bruce's petition with a request for dissolution of the marriage, and she sought spousal support. In June 2017, the parties entered into a stipulation resolving many issues. Among other things, Afsar agreed to pay Bruce an equalizing payment of $506,846.27 within 90 days. Upon doing so, she would receive the residence, and he would receive the commercial property. It appears that the real property transfers were accomplished at the end of January 2018.

At a contested hearing in April 2018, the court resolved several issues. It ordered that temporary spousal support be reduced to zero once Bruce received his share of the couple's 401k, and it ordered Bruce to reimburse Afsar "the sum of $5,935 for his post separation charges on Respondent's credit card for his trips" in 2011, 2012, and 2014. The court reserved the issues of permanent spousal support, attorney's fees, reimbursement claims, and credits for resolution at a subsequent hearing.

By the time of the June 2018 hearing, Bruce was 76 years old, and Afsar was 71 or 72 years old. Two issues relevant to this appeal were resolved at that hearing. The court concluded that the fair market rental value owed by Afsar to Bruce for her post-separation exclusive use of the residence was $70,000 and that Bruce owed Afsar $53,600 for her share of the post-separation net rental income he had collected for the commercial property. The court also awarded Afsar $15,000 in attorney's fees under Family Code section 271, and it terminated spousal support as of July 1, 2018 because it found that both parties had sufficient assets to pay their own expenses.[1] The court entered judgment in September 2018, and Bruce timely filed a notice of appeal in November 2018.

## II.  DISCUSSION

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) "It is appellant's burden to demonstrate error by an adequate record [citation], and without an adequate record we must assume facts in support of

---

[1] Bruce had 401k and pension funds that he was due to receive.

3

the trial court's order." (*Vermeulen v. Superior Court* (1988) 204 Cal.App.3d 1192, 1198-1199.)

### A. *Afsar's Use of the Residence*

Bruce claims that the trial court improperly reduced the value of Afsar's use of the residence to account for the fact that, during a portion of the post-separation period, their daughters were living with her in the residence. He claims this was error because he had no duty to support his adult daughters. Bruce also claims that the evidence produced by Afsar on this point was insufficient to establish the amount of the reduction.

Bruce, who had the burden of proof on his claim below (Evid. Code, § 500), has failed to produce a record that establishes error. His $117,216 claim below was based on his bare assertion that the fair market rental value of the residence was an average of $3,256 per month during the post-separation period and that Afsar had had *exclusive use* of the residence for a period of 72 months. He claimed that his 72-month figure excluded a post-separation period of seven months when he had lived in the residence. Afsar, on the other hand, contended that she did not have exclusive use of the residence during the post-separation period because Bruce lived there continuously for at least nine months and one or both of their daughters, who she and Bruce had *agreed* would always have a home at the residence, had lived there for five of the seven post-separation years.

The trial court decided that $70,000 would fully compensate Bruce for Afsar's exclusive use of the residence during portions of the post-separation period. It explained that Afsar "didn't have complete, exclusive use . . . during the entire period of time" and that the $70,000 amount was "in round terms about two-thirds of what [Bruce] is seeking."

Bruce claims that the trial court's award was necessarily based on the presence of the daughters in the home (which he claims was an improper consideration), but the

record does not establish that this was actually the basis for the trial court's determination of the amount of the award. If the court had based its calculation on the presence of one or both daughters, one would have expected it to award less than a third of the amount Bruce sought, not 60 percent of that amount, as it did.[2] After all, Afsar testified that one or both of her daughters lived in the house with her for five of the seven post-separation years.[3]

Our standard of review requires us to presume in support of the judgment that the trial court relied on proper considerations. It was disputed how long Bruce had lived in the residence during the post-separation period, and the trial court was not obligated to accept Bruce's fair market value estimate without question.

Since Bruce had the burden of proof, the trial court could have concluded that he had failed to establish that Afsar had exclusive possession for 72 months. The record supports such a conclusion. The date of separation was August 1, 2011. Afsar purchased the property at the end of January 2018. Thus, the total number of months would be 78. But the record reflects that Bruce lived in the residence with Afsar at least from November 2013 through July 2014, a period of nine months, and Afsar indicated that he had also been living there "off and on" at various times. It follows that the trial court could have rejected Bruce's claim that Afsar had exclusive use of the residence for 72 months.

In addition, Bruce's fair market value number was based solely on his own unexplained assertion, without any supporting documentation. Bruce had the burden of proof, and as the appellant, Bruce has the burden of demonstrating that the trial court's ruling was based on improper factors. The record supports a finding that Bruce

---

[2] The $70,000 that the trial court awarded is about 60 percent of the $117,216 that Bruce sought.

[3] The period was actually six and a half years.

failed to prove either the length of the period or the value. Accordingly, the trial court did not err in awarding Bruce an amount that was less than he sought.

### B. Bruce's Collection of the Rent from the Commercial Property

Bruce contends that the trial court erred in ordering him to pay Afsar $53,600 for her share of the net rental income he collected for the commercial property during the post-separation period. He claims that the court erroneously double-counted that rental income both in computing the reimbursement amount due Afsar and in computing Bruce's income for temporary spousal support purposes.

Bruce did not dispute below the *amount* of net rental income that he had collected from the commercial property during the post-separation period; he insisted that he owed Afsar *nothing*. Afsar established below that Bruce had collected considerably more than $1,200 per month in net income (the amount he claimed at the time of the temporary spousal support award) from the commercial property. She established that he had collected between $1,700 and $2,000 per month in net income for the majority of the post-separation period, and that was *after* he had subtracted "management fees" from the gross income.

Bruce's contention below was that he should not have to pay Afsar in June 2018 any share of the net rental income because his receipt of $1,200 per month in rental income from the commercial property had been used in July 2014 to compute the amount of temporary spousal support. He argued that he would have received more temporary spousal support if the rental income had not been used in that calculation. The trial court rejected this argument, finding that the rental income was "completely independent from the setting of spousal support," and it ordered Bruce to pay Afsar $53,600 to account for her share of the rental income.

The temporary spousal support award in this case had nothing to do with the division of the couple's community property. Bruce received temporary spousal support solely because, due to the fact that the community property had not yet been

6

divided, he lacked cash flow at the time of the temporary support award. By the time the court ordered Bruce to reimburse Afsar for the rental income, Bruce had received his share of the community property and did not lack cash flow. His prior temporary need for spousal support did not entitle him to claim full ownership of a community asset—the rental income from the commercial property. Therefore, the court did not err in awarding Afsar her share of that income.

Bruce also contends that the court improperly calculated the amount of the award to Afsar. However, he did not dispute the amount below, and Afsar's calculations supported the amount awarded by the court.

Bruce further claims that the trial court erroneously found that he had exclusive use of the commercial property when in fact he was merely managing the property for the community. He concedes that he retained all of the income from the commercial property, but he claims he was due this amount as the manager of the property. This claim is meritless. Afsar established that the net rental income used to calculate the amount awarded by the trial court was computed *after* Bruce's *deduction* of "management fees." The trial court did not err in finding that Bruce's receipt of 100% of the rental income from the commercial property was exclusive use of this community asset.

### C.    *Credit Card Charges*

Bruce maintains that the trial court erred in requiring him to reimburse Afsar for credit card charges he made on her credit card. He claims Afsar failed to establish that he made the charges on the credit card because their daughter was also an authorized user of the card.

Bruce cannot support this contention on appeal because he failed to include in the appellate record a transcript of the April 2018 hearing at which this issue was resolved or any of the evidence that was produced at that hearing. He does not cite to the record at all in support of this claim but instead simply makes unsupported

7

assertions. While the record reflects that Bruce denied that he had made the credit card charges that Afsar claimed were his, we must presume that Afsar's evidence at the April 2018 hearing established otherwise. Bruce has failed to establish that the trial court erred in this respect.

### D. *Afsar's Motion for Sanctions*

Afsar asks us to award her sanctions on the ground that Bruce's appeal is frivolous. While we find no merit in Bruce's appellate contentions, we do not find that every one of them is so completely meritless to qualify as frivolous. Consequently, we will deny her motion.

## III. DISPOSITION

The judgment is affirmed. The motion for sanctions is denied. Afsar shall recover her appellate costs.

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.



_____

DANNER, J.




*Abedian v. Abedian*
H046399